IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| IN THE MATTER OF THE SEARCH OF | Case No. 1:17SW14 |
| 8105 CREEKVIEW DRIVE | |
| SPRINGFIELD, VA 22153 | Filed Under Seal |

## GOVERNMENT'S MOTION TO SEAL SEARCH WARRANT PURSUANT TO LOCAL RULE 49(B)

Upon the return of its executed search warrant,[1] the United States, by and through undersigned counsel, pursuant to Local Rule 49(B) of the Local Criminal Rules for the U.S. District Court for the Eastern District of Virginia, now asks for an Order to Seal the search warrant, application for the search warrant and the affidavit in support of the search warrant, together with this Motion to Seal and proposed Order, until the United States makes a motion to unseal the search warrant and affidavit.

**I.   REASONS FOR SEALING** (*See* Local Rule 49(B)(1))

1. At the present time, the Federal Bureau of Investigation is conducting an investigation into a violation of 18 U.S.C. §2261A (Cyberstalking) and 18 U.S.C. §875(c) (Interstate Communication of a Threat).

2. Premature disclosure of the specific details of this ongoing investigation (as reflected, for example, in the affidavit in support of search warrant) would jeopardize the

---

[1] Pursuant to Local Rule 49(B), "[n]o separate motion to seal is necessary to seal a search warrant from the time of issuance to the time the executed warrant is returned." This is because, as Rule 49(B) additionally mandates, "[u]ntil an executed search warrant is returned, search warrants and related papers are not filed with the Clerk."

1

investigation, including the ability of the United States to locate and arrest the subject of the investigation, and may lead to the destruction of additional evidence in other locations. Thus, a sealing order is necessary to avoid hindering the ongoing investigation in this matter.

3. The United States has considered alternatives less drastic than sealing, including, for example, the possibility of redactions, and has determined that none would suffice to protect this investigation.

## II. THE GOVERNING LAW (*See* Local Rule 49(B)(2))

4. It is generally recognized that the public has a common law right of access, but not a First Amendment right of access, to judicial documents, including documents associated with *ex parte* proceedings such as search warrant affidavits. *Media Gen. Operations, Inc. v. Buchanan*, 417 F.3d 424, 429 (4th Cir. 2005); *In re Wash. Post Co. v. Hughes*, 923 F.2d 324, 326 (4th Cir. 1991). That is, "the right of access is qualified, and a judicial officer may deny access to search warrant documents if sealing is 'essential to preserve higher values' and 'narrowly tailored to serve that interest.'" *Media Gen. Operations*, 417 F.3d at 429 (citations omitted); *see also In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984) ("The trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests."). Sealing search warrants and their accompanying affidavits and application is within the discretionary powers of a judicial officer where, among other things, an "'affidavit contain[s] sensitive details of an ongoing investigation' and it is 'clear and apparent from the affidavits that any disclosure of the information there would hamper' th[e] ongoing investigation." *Media Gen. Operations*, 417 F.3d at 430 (citations omitted); *see also In re Eye Care Physicians of Am.*, 100 F.3d 514, 518 (7th Cir. 1996).

2

5. Before a district court generally may seal judicial records or documents, it must (a) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (b) consider less drastic alternatives to sealing the documents, and (c) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives. *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000).

6. However, regarding the notice requirement in the specific context of a search warrant, the Fourth Circuit has cautioned that "the opportunity to object" cannot "arise prior to the entry of a sealing order when a search warrant has not been executed." *Media Gen. Operations*, 417 F.3d at 429. "A rule to the contrary would endanger the lives of officers and agents and allow the subjects of the investigation to destroy or remove evidence before the execution of the search warrant." *Id.*; *see also Franks v. Delaware*, 438 U.S. 154, 169 (1978). Accordingly, in the context of search warrants, "the notice requirement is fulfilled by docketing 'the order sealing the documents,' which gives interested parties the opportunity to object after the execution of the search warrants." *Media Gen. Operations*, 417 F.3d at 430 (quoting *Baltimore Sun Co. v. Goetz*, 886 F.2d 60, 65 (4th Cir. 1989)); *see also* Local Rule 49(B) ("Until an executed search warrant is returned, search warrants and related papers are not filed with the Clerk.")

7. As to the requirement of a court's consideration of alternatives, the Fourth Circuit counsels that, "[i]f a judicial officer determines that full public access is not appropriate, she 'must consider alternatives to sealing the documents,' which may include giving the public access to some of the documents or releasing a redacted version of the documents that are the subject to the government's motion to seal." *Media Gen. Operations*, 417 F.3d at 429 (quoting

*Goetz*, 886 F.2d at 66).

8.   Finally, regarding the requirement of specific findings, the Fourth Circuit's precedents state that, "'in entering a sealing order, a 'judicial officer may explicitly adopt the facts that the government presents to justify sealing when the evidence appears creditable,'" *Media Gen. Operations*, 417 F.3d at 429 (quoting *Goetz*, 886 F.2d at 65), so long as the ultimate "decision to seal the papers" is "made by the judicial officer," *Goetz*, 886 F.2d at 65. "Moreover, if appropriate, the government's submission and the [judicial] officer's reason for sealing the documents can be filed under seal." *Goetz*, 886 F.2d at 65; *see also In re Wash. Post Co.*, 807 F.2d 383, 391 (4th Cir. 1986) ("if the court concludes that a denial of public access is warranted, the court may file its statement of the reasons for its decision under seal").

### III. PERIOD OF TIME GOVERNMENT SEEKS TO HAVE MATTER REMAIN UNDER SEAL (*See* Local Rule 49(B)(3))

9.   Pursuant to Local Rule 49(B)(3), the search warrant and the affidavit will remain sealed until the need to maintain the confidentiality of the search warrant application and the related investigation expires, after which time the United States will move to unseal the search warrant and affidavit.

WHEREFORE, the United States respectfully requests that the search warrant, application for search warrant, affidavit in support of the search warrant, and this Motion to Seal and proposed Order be sealed until further Order of the Court.

Respectfully submitted,

Dana J. Boente
United States Attorney

Dated: January 18, 2017          By: /s/ Jennifer Singer
Jennifer Singer
Special Assistant United States Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: 703-299-3759
Jennifer.A.Singer2@usdoj.gov