IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

PAUL A. BOYNE		Case No. 1:17SW14-Under Seal

v.

UNITED STATES OF AMERICA

## BRIEF TO IN SUPPORT OF MOTION TO UNSEAL

In the public interest, the court is asked to unseal this matter in exercise of public scrutiny rights contained in the First Amendment. The public has voiced, through elected officials in the State of Connecticut, a grave concern for judicial retaliation by judges of the Superior Court, Family Division. The news of this federal action of concern over 'escalating memes' did shock the conscious of members of the public and elected representatives alike. There is public and private suspicion that criminal conduct under 18 USC §241 was involved in obtaining a search & seizure warrant to silence public criticism of a public figure in a public forum. The federal court did unwittingly participate in such criminal activity which was nothing more than misconduct of state and federal actors using governmental police action to silence political criticism of controversial public figures.

The First Amendment does not hold a graduated scale for criticism, sarcasm, political wit or other qualitative descriptors of speech. The application for search warrant did not specify nor give examples of any proscribed speech. The application was in direct opposition to U.S. v Cassidy, 814 F.Supp.2d 574. Vague references to Twitter accounts, pseudonyms, various email addresses that may be associated with protected speech does not create probable cause of a

crime. Cassidy established that 18 USC §2261A is unconstitutional in application to 'tweets'. It is obvious from the conduct of the federal agents that the purpose of the visit was to harass and intimidate a person. It was also obvious that the interrogation of the targeted person was to make a *mens rea* determination. However, the interrogation only revealed existence of federal deprivation of rights matters under color of state law by the alleged 'victim'. In view of this revelation, there is cause to believe that the alleged criminal investigation is tainted with a plethora of civil rights violations. It is of grave import that the public and the Connecticut State Legislature be allowed to scrutinize this case as it smells of criminal conduct and judicial retaliation against public criticism. A letter of similar discussion previously sent to the issuing judge is attached for reference.

As this matter is simply governmental misconduct in view of the First Amendment, the public is entitled to scrutinize the level of misconduct and criminal activity involved, hiding it behind a seal of no purpose is just utter tyranny.

Paul A. Boyne, Pro Se