# IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

PAUL A. BOYNE

v.

UNITED STATES OF AMERICA

Case No. 1:17SW14 ~~Under Seal~~

MJ Theresa C. Buchanan

  



JUL 2 5 2017

CLERK, U.S. [...] [...]RT
[...]A

## MOTION FOR SANCTIONS
### *Constitutional Violations Are Not Moot*

The undersigned moves the court to sanction players in this case for violation of the First and Fourth Amendments, in violation of the people's constitutional rights and violation of personal oaths of office.

## The First Amendment provides that:

*Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.*

The First Amendment limits the government's ability to impose liability on speech critical of the conduct of public officials. See *New York Times v. Sullivan, 376 U.S. 254 (1964)* (civil); *Garrison v. Louisiana, 379 U.S. 64 (1964)* (criminal). In the landmark case of *New York Times v. Sullivan*, the U.S. Supreme Court applied the First Amendment to civil defamation statutes. The *New York Times* rule "prohibits a public official from recovering damages for a defamatory falsehood relating to his official conduct unless he proves that the statement was made with 'actual



malice'—that is, with knowledge that it was false or with reckless disregard of whether it was false or not." *376 U.S. at 279-80.*

This rule extended to criminal defamation statutes. In *Garrison v. Louisiana,* the U.S. Supreme Court held that the government is constitutionally limited in its power "to impose criminal sanctions for criticism of the official conduct of public officials." *379 U.S. at 67.* The scope of constitutionally protected criticism of public officials encompasses "anything which might touch on an official's fitness for office," including "personal attributes" such as "dishonesty, malfeasance, or improper motivation." *Id.* at 77.

In short, the First Amendment constitutionally bars the government from criminally punishing speech about public officials, regardless of the intent motivating the speech. The First Amendment also bars government officials from abridging the freedom of speech by illegal FBI raids feigning search and seizure of imagined criminalized laptops, thumb drives and paper note pads. Adverse governmental action against the undersigned in retaliation for the exercise of protected speech is simply terrorism.

As *New York Times* and *Garrison* make plain, speech about the conduct of public officials enjoys wide and robust protection under the First Amendment; a point lost on this court and its childish players.



## The Fourth Amendment provides that:

*The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.*

The Fourth Amendment establishes that "a warrant may not be issued unless probable cause is properly established and the scope of the authorized search is set out with particularity." *Kentucky v. King*, 563 U.S. 452, 459 (2011). When the search warrant lacks the necessary probable cause to support it, the warrant does not meet the requirements of the Fourth Amendment.

Probable cause exists when there are reasonably trustworthy facts which, given the totality of the circumstances, are sufficient to lead a prudent person to believe that the items sought constitute fruits, instrumentalities, or evidence of a crime." *Kohler v. Englade, 470 F.3d 1104, 1109 (5th Cir. 2006)*. Where the facts and circumstances would not lead a prudent person to believe that a search warrant will uncover evidence of a *crime*, probable cause does not exist. *Cf. Perry v. Sheahan, 222 F.3d 309, 317 (7th Cir. 2000)*. Possession of a laptop and a pad of paper is not criminal.

The search warrant sought by FBI Lisa Tutty(Kline); issued by MJ Theresa C. Buchanan relies on the dubious training and deficient constitutional experience of a bottom tier agent. No prudent fifth grader could find that a search would produce anything other than the evidence of exercising rights to protected speech. The undersigned's speech having the equal constitutional protection of Mr. Cassidy's speech in *U.S. v Cassidy, 814 F.Supp.2d 574*.



Wherefore, the aforementioned constitutional protections restated for the benefit of the incompetent court, *We the people* having cause to account the unscrupulous players; to uphold the integrity of the court; to defend the Constitution; sanctions be applied as follows.

1. AUSA Jonathon Fahey, suspension of practice in federal court for one year, fine of not less than $10,000, write entire text of First and Fourth Amendments 241 times on the blackboard. Publish in Washington Post a personal letter of public apology for failing to protect citizens' rights, failing to uphold the First and Fourth Amendments.

2. AUSA Jennifer A. Singer, suspension of practice in federal court for one year, fine not less than $10,000, write entire text of First and Fourth Amendments 241 times on the blackboard. Publish in Washington Post a personal letter of public apology for failing to protect citizens' rights, failing to uphold the First and Fourth Amendments.

3. FBI Lisa Tutty(Kline), fine of not less than $10,000, permanent bar to entering federal court, permanent surrender of service weapon. Publish in Washington Post and the Hartford Courant a personal letter of public apology for failing to protect citizens' rights, failing to uphold the First and Fourth Amendments.

4. USA Dana J. Bonte, mandatory retirement, suspension of law license, fine of not less than $10,000. Publish in Washington Post a personal letter of public apology for failing to protect citizens' rights, failing to uphold the First and Fourth Amendments.



5. MJ Theresa C. Buchanan, mandatory retirement, suspension of law license, fine of not less than $10,000. Publish in Washington Post a personal letter of public apology for failing to protect citizens' rights, failing to uphold the First and Fourth Amendments.

Paul A. Boyne, Pro Se



  

## **CERTIFICATION**
*Pro Se Abuse*

I declare under penalty of perjury that:

No attorney has prepared nor assisted in the preparation of this document.

PAUL A. BOYNE
Name of Pro Se Party (Print or Type)

Signature of Pro Se Party

Executed on: 24 July 2017 (Date)

Service address for Pro Se Party:

8105 Creekview Drive
Springfield, VA. 22153

Phone, with voice mail for Pro Se Party:

571 318 0080

Email for Pro Se Party:

paboyne@gmail.com